In a proceeding pursuant to CPLR article 75 to confirm four arbitration awards dated March 11, 2011, March 14, 2011, May 7, 2011, and May 8, 2011, determining that Michael Simmons, Alex Ciampa, Michael Mucciolo, and Allison Hoard, respectively, are entitled to benefits pursuant to General Municipal Law § 207-c, Kevin M. Cheverko, as Commissioner of the Westchester County Department of Corrections, the Westchester County Department of Corrections, and Westchester County appeal from an order of the Supreme Court, Westchester County (Walker, J.), entered March 15, 2012, which granted the petition to confirm the arbitration awards dated March 11, 2011, March 14, 2011, May 7, 2011, and May 8, 2011, in favor of Michael Simmons, Alex Ciampa, Michael Mucciolo, and Allison Hoard, respectively, and denied their cross petition, inter alia, to vacate those awards.
Ordered that the order is reversed, on the law, with costs, the petition to confirm four arbitration awards dated March 11, 2011, March 14, 2011, May 7, 2011, and May 8, 2011, is denied, that branch of the cross petition which was to vacate those awards is granted, and the matter is remitted to the Supreme Court, Westchester County, to remit the matter to the arbitrator for further proceedings consistent herewith.
An arbitration award is indefinite or nonfinal for purposes of CPLR 7511 and subject to vacatur “only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy” (Matter of Meisels v Uhr, 79 NY2d 526, 536 [1992]; see Matter of Board of Educ. of Amityville Union Free School Dist. v Amityville Teacher’s Assn., 62 AD3d 992, 993 [2009]). Here, Corrections Officers Michael Simmons, Alex Ciampa, Michael Mucciolo, and Allison Hoard sought benefits pursuant to General Municipal Law § 207-c. General Municipal Law “[s]ection 207-c provides benefits to officers who are disabled ‘in the performance of or ‘as a result of their job duties” (Matter of White v County of Cortland, 97 NY2d 336, 339 [2002]). The arbitration awards awarding them benefits pursuant to General Municipal Law § 207-c were indefinite or nonfinal for purposes of CPLR 7511 and must be vacated, since those awards did not address whether each officer sustained a disability. Accordingly, we reverse the order, deny the petition to confirm the four *843 subject arbitration awards, grant that branch of the cross petition which was to vacate those awards, and remit the matter to the Supreme Court, Westchester County, to remit the matter to the arbitrator for further proceedings and a determination as to whether each officer sustained a disability. Mastro, J.E, Skelos, Balkin and Roman, JJ., concur.